T.C. Memo. 2011-204

UNITED STATES TAX COURT

ROBERT ROWAN WESTERMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11504-09.                    Filed August 22, 2011.

Robert R. Westerman, pro se.

<u>William B. McClendon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Petitioner petitioned the Court for
redetermination of a deficiency of $7,743 and an addition to tax
under section 6651(a)(1)[1] of $111 for 2006.  The deficiency was

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  Amounts
are rounded to the nearest dollar.

the result of the denial of deductions claimed on petitioner's Schedule C, Profit or Loss From Business, attached to his 2006 Federal income tax return. The issues for decision after concessions[2] for 2006 are whether petitioner is entitled to deductions for: (1) Car and truck expenses; (2) travel expenses; (3) meals and entertainment expenses; and (4) other Schedule C expenses. We must further decide whether petitioner is liable for the addition to tax under section 6651(a)(1).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference. At the time petitioner filed his petition, he resided in Tennessee.

I. Background

On June 6, 2007, petitioner filed his 2006 income tax return. On February 10, 2009, respondent sent a notice of deficiency for petitioner's 2006 Federal income tax return. Petitioner filed a timely petition with this Court.

---

[2]On brief respondent concedes that petitioner may deduct the following expenses on his 2006 Schedule C: (1) $523 for a May 17, 2006 round trip flight for petitioner's daughter; (2) $35 paid to MCCS Recreation Division for a craft table; (3) $4,195 paid to Adamos Studios for studio time in California; (4) $875 paid to studio musicians; (5) $1,469 paid to hearharmony.com for transcription services; and (6) $943 paid to Motion Video Inc. for location shooting in Philadelphia.

During 2006 petitioner worked as an operations research analyst at Fort Smith in Hawaii. Petitioner also dabbled in the music and entertainment business, recording CDs and writing books. Before 2006 petitioner had recorded a CD with his daughter titled "A Father-Daughter Christmas" and published a children's book titled "The Legend of Kalikimaka". In 2006 petitioner began recording a second CD titled "Christmas Hawaiian Style". That year, petitioner also decided to remake "A Father-Daughter Christmas" into a new CD titled "It Won't be Christmas". On his 2006 Federal income tax return petitioner deducted many of the expenses associated with recording his CDs, performing and selling his music, and selling his books.

In his notice of deficiency, respondent disallowed the following deductions:

| Expense | Amount |
| --- | --- |
| Car and truck | $1,989 |
| Travel | 9,927 |
| Meals and entertainment | 1,564 |
| Other | 15,600 |
| Total | 29,080 |

The other expenses included performance expenses of $2,869, recording expenses of $7,859, rehearsal studio and disk expenses of $2,569, transcription service expenses of $1,470, and video expenses of $1,013.

II. Travel

In 2006 petitioner made several trips to Los Angeles and Philadelphia to record "Christmas Hawaiian Style" and "It Won't Be Christmas" and to shoot a music video. Overall, petitioner took seven trips in 2006, three trips to Philadelphia and four trips to Los Angeles. Petitioner's wife usually accompanied him on these trips. Petitioner claimed all seven trips were business trips and deducted the costs of flights, hotels, car rentals, meals and entertainment, recording and video expenses, and other miscellaneous expenses on his Schedule C.

Petitioner's Philadelphia trips consisted of: (1) A 4-day trip in January in which petitioner spent two-thirds of 1 day shooting his music video; (2) a 6-day trip in November during which petitioner, his wife, and their two children traveled to New York City to see a Broadway play; and (3) a 3-day trip in December to reshoot the music video. Petitioner's son also traveled to Philadelphia for the 4-day January trip.

Petitioner's Los Angeles trips consisted of: (1) A 3-day trip in January in which petitioner spent all 3 days recording at Adamos Recording studio; (2) a 3-day trip in May in which petitioner's daughter recorded at Adamos Recording studio; (3) an 8-day trip in August in which petitioner spent 1 day recording at Adamos Recording studio; and (4) a 10-day trip in November in

which petitioner spent 3 days recording at Adamos Recording studio.

Aside from petitioner's first trip to Los Angeles in January, petitioner spent little time in the studio recording. For instance, during the May trip, though petitioner had rented the recording studio for 3 days, he was present for only 1 day of recording. The remaining days were used by his daughter to record her portion of the CD. Similarly, though petitioner recorded for 1 day on his August trip to Los Angeles, the remainder of the 8-day trip was spent on vacation with his wife in Nashville and Miami. Petitioner spent his time in Nashville attending his daughter's play and touring the Grand Old Opry. Respondent disallowed petitioner's deductions for travel expenses and meals and entertainment expenses associated with these trips.

III. <u>Business in Hawaii</u>

Petitioner also conducted business in Hawaii. Petitioner deducted car and truck expenses related to his business activity on his Schedule C. However, petitioner failed to maintain a log of dates and miles driven. Therefore, respondent disallowed the deduction.

Respondent also disallowed petitioner's deduction for performance expenses. Petitioner produced receipts for expenses incurred in repairing his guitar, obtaining dental work, and purchasing hair dye and sunglasses. Petitioner did not wear his

sunglasses during his performances; instead, he used them mostly for driving.

Further, respondent disallowed petitioner's deduction for recording expenses. A portion of petitioner's CD was recorded at a studio in Hawaii. Petitioner produced ATM receipts of cash withdrawals with handwritten notes on them to substantiate this recording expense.

Respondent also disallowed petitioner's deduction for rehearsal studio and disk expenses. Petitioner produced receipts from music stores and bar receipts from the Warriors Lounge at the Hale Koa Hotel to substantiate the deductions.

OPINION

I.   Business Expense Deductions

Deductions are a matter of legislative grace, and the taxpayer must prove he or she is entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". The parties stipulated that petitioner carried on a trade or business during 2006. The regulations specify that ordinary and necessary business expenses include "the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income

Tax Regs. Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

In addition to satisfying the criteria for deductibility under section 162, certain categories of expenses must also satisfy the strict substantiation requirements of section 274(d) in order for a deduction to be allowed. The expenses to which section 274(d) applies include, among other things, traveling expenses (which include expenses for meals and lodging while away from home) and entertainment expenses. See sec. 274(d)(1) and (2).

If the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to substantiate adequately the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent (Cohan rule). Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In these instances, the Court is permitted to make as close an approximation of the allowable expense as it

can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544. However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, supra at 742-743. Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Section 274(d) overrides the Cohan rule and thus specifically precludes the Court from allowing a deduction for travel expenses, entertainment expenses, gifts, and expenses with respect to section 280F(d)(4) "listed property" (including passenger automobiles) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) The amount of the expense or other item; (2) the time and place of the travel, entertainment or use, or date and description of the gift; (3) the business purpose of the expense or other item; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained.

A. Car and Truck Expenses, Travel Expenses, and Meals and Entertainment Expenses

On his return, petitioner claimed a deduction for (i) car and truck expenses, (ii) travel expenses, and (iii) meals and entertainment expenses. These expenses are subject to the

substantiation requirements of section 274(d).  See secs. 274(d)(1), (2), (4), 280F(d)(4).

### 1.  Car and Truck Expenses

Petitioner claims a deduction for car and truck expenses of $1,989 for 2006.  Passenger automobiles and any other property used as a means of transportation are "listed property" as defined by section 280F(d)(4).  Secs. 274(d)(4), 280F(d)(4)(A)(i).  Accordingly, a taxpayer must satisfy the strict substantiation requirements of section 274 for car and truck expenses.  The taxpayer must substantiate the automobile expenses by adequate records or other corroborating evidence of items such as the amount of each expense, the time and place of the automobile's use, and the business purpose of its use.  See Sanford v. Commissioner, supra at 827-828; Maher v. Commissioner, T.C. Memo. 2003-85.

To satisfy the adequate records requirement of section 274(d), a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a

contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element", and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Petitioner determined his car and truck expenses by estimating the miles he drove in furtherance of his business. Petitioner testified that for 30 weeks a year he drove approximately 149 miles per week for his business, picking up and delivering books, arranging to be on radio and television, and appearing at performances and book signings. However, petitioner failed to keep a mileage log and failed to introduce written or oral evidence beyond his testimony of the estimated miles sufficient to establish the elements required under section 274(d). Thus, we sustain respondent's determination with regard to the car and truck expenses.

### 2. Travel Expenses

Petitioner claimed a deduction for travel expenses of $9,927 for 2006. Petitioner introduced a printout he created from his financial software and some receipts for airfare, rental cars,

and hotels.  Respondent argues that petitioner has failed to substantiate that these costs were incurred in the ordinary course of petitioner's trade or business.

Only such traveling expenses as are reasonable and necessary in the conduct of the taxpayer's business and directly attributable to it may be deducted.  Sec. 1.162-2(a), Income Tax Regs.  If a taxpayer travels to a destination and while at the destination engages in both business and personal activities, traveling expenses to and from such destination are deductible only if the trip is related primarily to the taxpayer's trade or business.  Sec. 1.162-2(b)(1), Income Tax Regs.  If the trip is primarily personal, the traveling expenses to and from the destination are not deductible even though the taxpayer engages in business activities while at the destination.  Id.  However, expenses while at the destination which are properly allocable to the taxpayer's trade or business are deductible even though the traveling expenses to and from the destination are not deductible.  Id.

Petitioner claimed a deduction for travel expenses associated with his seven trips to Philadelphia and Los Angeles. The record shows that the only trip on which petitioner spent most of his trip in the studio recording or filming was his January trip to Los Angeles.  Therefore, we find that petitioner has established a primarily business purpose for only the January

trip to Los Angeles. The travel expenses associated with all the other trips are not ordinary and necessary trade or business expenses. With respect to the January trip to Los Angeles, we must determine whether petitioner provided adequate substantiation for these travel expenses pursuant to section 274(d).

Section 274(d) places heightened substantiation requirements on taxpayers claiming deductions under section 162 for any traveling expense while away from home. In order to be entitled to a deduction for an expense for travel, the taxpayer must show each of the following elements: (1) The amount of each separate expenditure; (2) the dates of departure and return and the number of days spent on business; (3) the place of destination by name of city or town; and (4) the business reason or expected business benefit from travel. See sec. 274(d); sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Petitioner must substantiate each element of an expenditure or use by adequate records or by sufficient evidence corroborating his own statement. See sec. 1.274-5T(c), Temporary Income Tax Regs., supra.

Petitioner has failed to satisfy the substantiation requirements of section 274(d) with respect to the deductions for travel expenses associated with this trip. Petitioner failed to produce a receipt for his flight. Additionally, petitioner

testified that his wife routinely joined him on his business trips. Petitioner failed to provide any evidence as to whether he alone used the rental car and the hotel room or whether his wife also used them. Without more information regarding the use of the rental car and hotel room, we sustain respondent's determination with regard to the travel expenses.

### 3. Meals and Entertainment Expenses

Petitioner reported meals and entertainment expenses of $1,564. Respondent argues that petitioner has failed to substantiate that these costs were incurred in the ordinary course of petitioner's trade or business.

Meals and entertainment expenses are subject to the strict substantiation requirements of section 274(d). No deduction is allowed for these expenses unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement each of the following elements: (1) The amount of each separate expenditure; (2) the date of the entertainment; (3) the name, if any, address, or location of the entertainment; (4) the business reason for the entertainment or the nature of the business benefit derived or expected to be derived as a result of the entertainment and the nature of the business discussion or activity; and (5) the occupation of or other information relating to the person or persons entertained, including the name, title, or other designation sufficient to

establish the business relationship to the taxpayer.  See sec. 274(d); sec. 1.274-5T(b)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985).

Petitioner produced receipts for approximately one-third of his claimed meals and entertainment expenses and provided bank account statements for a portion of the remainder of those expenses.  The receipts list the amount, the date, and the name and address of the place of business, but most indicate that petitioner was accompanied by other individuals.  Petitioner acknowledged that his wife usually traveled with him on his business trips, but he failed to indicate how many people each claimed expense covered, what amount he paid for himself, and what amounts were paid for third parties or the identity of the third parties.  Furthermore, the receipts fail to state an adequate business purpose and the business relationship of the people at the meal.  Petitioner has failed to provide adequate information relating to the person or persons entertained sufficient to establish the business relationship.  See sec. 1.274-5T(b)(3)(v), Temporary Income Tax Regs., supra.  Therefore, we sustain respondent's determination with regard to the meals and entertainment expenses.

B.  Other Expenses

Petitioner deducted other expenses of $15,600 in 2006. These expenses consist of (i) performance expenses, (ii)

recording expenses, (iii) rehearsal studios and disks, and (iv) video expenses.  As discussed above, petitioner is permitted to deduct ordinary and necessary expenses he pays or incurs during the year in carrying on a trade or business.  See sec. 162(a). Petitioner, however, is required to maintain records sufficient to establish the amounts of his deductions.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

### 1.  Performance Expenses

At trial petitioner introduced copies of receipts and other documentation in support of his contention that he incurred performance expenses of $2,869.  These amounts consisted of guitar repair costs, dental work, hair dye, sunglasses and miscellaneous items.  In general, no deduction is allowed for personal, living, or family expenses.  See sec. 262.  Dental expenses and hair color expenses are inherently personal.  See Irwin v. Commissioner, T.C. Memo. 1996-490, affd. without published opinion 131 F.3d 146 (9th Cir. 1997).  Thus, we find that petitioner's dental, hair color, and personal grooming expenses are not ordinary and necessary trade or business expenses.  Moreover, petitioner did not wear his sunglasses during performances, and as a result petitioner cannot claim them as a performance expense.

However, we do find that petitioner has produced sufficient evidence to substantiate trade or business expenses of $486 paid

to Guitar Tech.  Petitioner is a musician who plays the guitar during his performances and on his CDs.  Petitioner produced receipts from Guitar Tech for repairs to his guitar.  Accordingly, we find that petitioner is entitled to a $486 deduction for performance expenses.  With respect to all other performance expenses, we sustain respondent's determination.

### 2.  Recording Expenses

Petitioner claims to have paid $2,180 in cash for studio time in Hawaii to record a portion of his album.  Petitioner produced ATM receipts of cash withdrawals with hand written notes on them as evidence of payment of these expenses.  ATM receipts that do not identify the person to whom the cash is being paid are not enough to substantiate these claimed expenses.  Petitioner also claimed computer training expenses of $468.  Petitioner provided a receipt from Mac Made Easy.  However, the receipt failed to provide a description of the training provided.  Without a description of the training provided, the receipt fails to substantiate that the training was related to petitioner's trade or business.  Accordingly, we sustain respondent's determination with respect to the recording expenses.

### 3.  Rehearsal Studio and Disk Expenses

At trial petitioner introduced copies of receipts and other documentation to substantiate rehearsal studio and disk expenses of $2,569.  This amount consisted of purchased CDs, karaoke

disks, payment for computer training, and payment to the Warriors Lounge. As discussed above, no deduction is allowed for personal, living, or family expenses. See sec. 262. Petitioner failed to explain how the CDs and karaoke disks purchased were related to his trade or business. Without such an explanation, we cannot find that the CDs are an ordinary or necessary trade or business expense.

Petitioner deducted $530 for a practice studio. The studio in question is the Warriors Lounge at the Hale Koa Hotel. Petitioner submitted receipts from the lounge bar. We find that these expenses are personal and may not be deducted. Finally, petitioner claimed $1,469 in computer training expenses. Petitioner introduced a receipt for $281 for training on video and music editing software. The remaining receipts petitioner provided do not specify what training petitioner received. Without a description of the training received, we cannot find that the remaining payments for computer training were ordinary and necessary trade or business expenses. Accordingly, we find that petitioner is entitled to a $281 deduction for rehearsal studio and disks expenses. With respect to all other rehearsal studio and disk expenses, we sustain respondent's determination.

4. Video Expenses

At trial petitioner introduced receipts to substantiate his deduction for video expenses of $1,013. These amounts consisted

of \$943 for location shooting and \$70 for a sweatshirt.  Of this amount, respondent has conceded the \$943 for location shooting expenses.  Petitioner failed to establish that the purchase of the sweatshirt was not a personal expense.  Thus we sustain respondent's determination with respect to the sweatshirt.

II.  Addition to Tax

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his income tax return for 2006.  In general, the Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  To meet his burden of production with respect to section 6651, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax.  Higbee v. Commissioner, supra at 446.  The parties stipulated that petitioner's Federal income tax return was filed on June 6, 2007.  Petitioner's return was due on April 17, 2007.  Thus, respondent has carried the burden of production with respect to the addition to tax under section 6651(a)(1).

Section 6651(a)(1) imposes an addition to tax for failure to file the return on the date prescribed (determined with regard to any extension of time for filing), unless petitioner can establish that the failure was due to reasonable cause and not

due to willful neglect.  A showing of reasonable cause requires petitioner to demonstrate he exercised ordinary business care and prudence and nevertheless was unable to file the return by the due date.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  In order to avoid an addition to tax under section 6651(a), petitioner must carry the burden of establishing reasonable cause.  See Higbee v. Commissioner, supra at 446.

Failure to timely file a tax return is not excused by the taxpayer's reliance on an agent, and this reliance is not reasonable cause for a late filing under section 6651(a).  United States v. Boyle, 469 U.S. 241, 251 (1985).  Petitioner testified that his accountant allegedly filed a request for an extension of time for filing his 2006 Federal income tax return.  However, the record is devoid of any evidence substantiating petitioner's testimony.  We find that the failure to timely file a Federal income tax return for 2006 was not due to reasonable cause and was due to willful neglect.  Accordingly, we conclude that petitioner is liable for an addition to tax under section 6651(a)(1) in the amount respondent determined.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.